# NEWPORT COUNTY.

## STATE *vs.* CATHERINE DUGGAN.

Pub. Stat. R. I. cap. 596, of May 27, 1886, provides in § 8 a penalty "if any person shall offer to sell, sell, or suffer' to be sold," intoxicating liquors, and in § 5 provides another penalty against "every registered pharmacist, or registered assistant pharmacist, who shall sell or suffer to be sold any of the aforesaid liquors in violation of the foregoing provisions," *i. e.* those of the earlier sections of this chapter.

*Held,* that the penalty of § 5 was cumulative upon that of § 8.

*Held,* further, that the provisions of § 5 did not make those of § 8 obnoxious to the objections against class legislation.

*Held,* further, that § 8 was not in conflict with the Constitution of the State.

CONSTITUTIONAL questions certified to the Supreme Court under Pub. Stat. R. I. cap. 220, §§ 1–9.

Public Laws R. I. cap. 596, of May 27, 1886, §§ 1, 3, 4, 5, 7, 8, 9, 15, are as follows : —

"SECT. 1. No person shall manufacture or sell, or suffer to be manufactured or sold, or keep or suffer to be kept on his premises or possessions or under his charge, for the purpose of sale and delivery within this State, any ale, wine, rum, or other strong or malt or intoxicating liquors or any mixed liquors a part of which is ale, wine, rum, or other strong or malt or intoxicating liquors, to be used as a beverage. Wherever the words 'intoxicating liquors' shall be used in this act it shall be deemed to include ale, wine, rum, or other strong or malt liquors, or any mixed liquors a part of which is ale, wine, or other strong or malt liquors."

"SECT. 3. Persons authorized by chapter 131 of the Public Statutes to sell medicines and poisons may sell the liquors enumerated in the first section of this act for artistic and mechanical and medicinal purposes only, and not to be drunk on the premises of the seller. But no such liquor shall be sold to a minor except as hereinafter provided.

"SECT. 4. Sales of liquor for medicinal purposes under authority of section 3 of this act shall be made only upon and in accordance with a written prescription or prescriptions from a medical practitioner, but no such liquor shall be sold to a minor without a written request from his parent or guardian, and sales

of liquor for mechanical or artistic purposes shall be made only upon receipt of a written statement, signed by the party purchasing, of the use to which the same is to be applied: provided that nothing in this act shall be construed to prevent the sale by registered pharmacists and others of flavoring extracts and essences, similar to those heretofore in common use, or the sale by registered pharmacists or registered assistant pharmacists of wine for sacramental purposes, and of the liquors mentioned in section 1 of this act to physicians and pharmacists, for use in their profession or business; and all said prescriptions, written requests, and written statements upon which sales of liquor may be made under the provisions of this section, shall be, by the persons making said sales, preserved for the term of one year next succeeding said sales respectively, and during said term shall be open to the inspection of any of the officers mentioned in section 38 of this act. And no such prescription, written request, or written statement shall authorize more than one such sale to be made thereon.

"SECT. 5. Every registered pharmacist or registered assistant pharmacist who shall sell or suffer to be sold any of the aforesaid liquors in violation of the foregoing provisions shall be fined not less than one hundred nor more than five hundred dollars, and shall be deprived of the right of practising as such pharmacist or assistant pharmacist in this State for the period of five years thereafter."

"SECT. 7. Every person who shall sell or suffer to be sold to any minor any intoxicating liquors, or who shall deliver or suffer to be delivered to any minor intoxicating liquors, except as provided in section 4 of this act, shall be fined one hundred dollars and be imprisoned not less than thirty days nor more than three months.

"SECT. 8. If any person shall offer to sell, sell, or suffer to be sold by any person, by sample or otherwise, any ale, wine, rum, or other strong or malt or intoxicating liquors, or any mixed liquors a part of which is ale, wine, rum, or other strong or malt or intoxicating liquors, in violation of any of the provisions of this act, he shall on the first conviction be fined twenty dollars and be imprisoned in the county jail for ten days; on the second conviction he shall be fined fifty dollars and be imprisoned in the county jail

three months; and on the third and every subsequent conviction he shall be fined one hundred dollars and be imprisoned in the county jail not less than three months nor more than six months.

" SECT. 9. If any person shall keep or suffer to be kept on his premises or possessions, or under his charge, for the purpose of sale, in violation of any of the provisions of this act, any ale, wine, rum, or other strong or malt or intoxicating liquors, or any. mixed liquors a part of which is ale, wine, rum, or other strong or malt or intoxicating liquors, he shall be fined twenty dollars and be imprisoned in the county jail ten days."

" SECT. 15. The following forms may be used in prosecutions under sections 8 and 9 of this act, and if substantially followed shall be sufficient in law to fully and plainly describe the offences set forth in said sections respectively, and to authorize the lawful doings of the officers acting under and by virtue of the warrants and other process issued in substantial conformity therewith; but this shall not be so construed as to prohibit the use of other suitable forms."

*Form for a Complaint and Warrant under section 8.*

" To      Esquire, justice of the district court of the      judicial district, or to      a justice of the peace authorized to issue warrants, in the      judicial district, in the county of      in the State of Rhode Island and Providence Plantations      chief of police [or special constable or other person, as the case may be] of the town of      in said county, on oath complains, in the name and behalf of the State, that at said      on the day of      A. D. 18   with force and arms,      of said without lawful authority did then and there offer to sell, sell, and suffer to be sold, ale, wine, rum, and other strong and malt and intoxicating liquors, and mixed liquors a part of which was ale, wine, rum, 'and other strong and malt and intoxicating liquors, to one      [or, if the individual be unknown, to some person to said complainant unknown], against the statute and the peace and the dignity of the State.

" Wherefore he prays advice and that process may issue, and that the said respondent may be apprehended and held to an-

swer to this complaint, and be further dealt with relative to the same according to law.

"Dated at          this          day of          A. D. 18    ."

[Here insert certificate of oath of complainant and recognizance when required by law.]

"*State of Rhode Island and Providence Plantations.*

sc.          To the sheriff of the county of    '    his deputies, or to any of the town sergeants or constables in the county of          Greeting : Complaint having been made to me on oath, as          above written, you are therefore hereby required, in the [L. S.]    name of said State, forthwith to apprehend the body          of the said respondent above named (if he may be found within your precinct), and him have before the district court of the          judicial district, or some other lawful authority, to be dealt with relating to the premises as to law and justice shall appertain.    And for so doing this shall be your warrant. Hereof fail not.

"Given under my hand and seal, at          in said county, this          day of          in the year 18    .

---

"*Justice Clerk of the District Court of the          Judicial District,* or *Justice of the Peace authorized to issue Warrants in the Judicial District.*"

*Form for a Complaint and Warrant for Keeping Intoxicating Liquors for Sale under section 9.*

"To          Esquire, justice clerk of the district court of the judicial district, or. to    ·    a justice of the peace authorized to issue warrants in the          judicial district          in the county of . in the State of Rhode Island and Providence Plantations,          chief of police [or special constable, or other person, as the case may be] of the town of          in said county, on oath complains, in the name and behalf of the State, that at said          , on the          day of          A. D. 18    with force and arms,          of said          without lawful authority, did then and there keep and suffer to be kept on his premises, in his possession, and under his charge, ale, wine, rum, and other strong and malt and intoxicating liquors, and mixed liquors a part of which was ale, wine, rum, and

other strong and malt and intoxicating liquors, with intent to sell the same in this State, against the statute and the peace and dignity of the State.

" Wherefore he prays advice, and that process may issue, and that the said respondent may be apprehended and held to answer to this complaint, and be further dealt with relative to the same according to law.

" Dated at        this        day of        · A. D. 18   ."·

[Here insert certificate of oath of complainant and recognizance when required by law.]

" *State of Rhode Island and Providence Plantations.*

SC.        To the sheriff of the county of        his deputies, or to any of the town sergeants or constables in the county of

Greeting : Complaint having been made to me on oath, as above written, you are therefore hereby required, in [L. S.]    the name of said State, forthwith to apprehend the body of the said respondent above named (if he may found within your precinct), and him have before the district court of the        judicial district, or some other lawful authority, to be dealt with relating to the premises as to law and justice shall appertain. And for so doing this shall be your warrant. Hereof fail not.

" Given under my hand and seal, at        in said county, the day of        in the year 18   .

_____

" *Justice Clerk of the District Court of the        Judicial District,* or *Justice of the Peace authorized to issue Warrants in the Judicial District.*"

*Providence, October* 16, 1886. STINESS, J. Two complaints have been certified to us from the District Court of the first judicial district, charging Catherine Duggan with sales of intoxicating liquor. The complaints are brought under Pub. Laws R. I. cap. 596, § 8, of May 27, 1886. The defendant moved to quash the complaints in the District Court, upon the ground that the act is in conflict with the Constitution of the State and of the United States, whereupon they are certified to this court. The defendant specifically sets forth that sections 8 and 15 are uncon-

stitutional. She does not say what particular clause of either Constitution is violated by the law, but it is urged in argument that it is in conflict with the declarations in our Constitution that " All laws should be made for the good of the whole," and " that no person should be deprived of life, liberty, or property, unless by the judgment of his peers or the law of the land."

It is contended that section 5, by prescribing for pharmacists violating sections 3 and 4 a penalty different from that contained in section 8, is legislation in favor of a class, which, in consequence, makes the penalty of section 8 unequal as to others and contrary to the " law of the land," as that phrase is understood in judicial construction. In other words, it is claimed that there is in the act an attempt at class legislation which vitiates the entire law. Several cases are cited to show that laws which undertake to give special privileges, contrary to the " law of the land," are unconstitutional. It is to be remarked, however, that the cases cited are mainly those where acts have been passed to apply to individual cases, contrary to a general law, *e. g.* granting an appeal in special case, *Lewis et al.* v. *Webb,* 3 Me. 326 ; granting a review in a particular suit, *Durham* v. *Lewiston,* 4 Me. 140 ; dismissing Indian reservation cases when prosecuted for use of another, *Wally's Heirs* v. *Kennedy,* 2 Yerg. Tenn. 554 ; creating special court for special cases without appeal and trial by jury, *State Bank* v. *Cooper,* 2 Yerg. 599 ; allowing prosecution of claim of deceased person without letters of administration, *Officer* v. *Young,* 5 Yerg. 320 ; directing sale of property against the will and consent of party in interest, *Ervine's Appeal,* 16 Pa. St. 256 ; suspending statute of limitations in special case, *Holden* v. *James,* 11 Mass. 396. In *Ho Ah Kow* v. *Nunan,* 5 Sawyer, 522, specially relied on by the defendants, the point decided was that the board of supervision of San Francisco had no authority over the sanitary condition of the county jail ; hence an ordinance requiring a prisoner's hair to be cut, whether as an additional penalty or a sanitary regulation, was an excess of authority. In *Budd* v. *The State,* 3 Humph. 483, the indictment was held to be insufficient, the court adding that, if the offence had been properly charged, an act making it a felony for an officer or servant of a particular bank to embezzle its funds, and which did not apply to the officers

and servants of all banking corporations, would be unconstitutional. The case of *State ex relat. Stoutmeyer* v. *Duffy*, 7 Nev. 342, involved an act excluding negroes from public schools, which was, to that extent, held to be in conflict with the fourteenth amendment of the Constitution of the United States. In the remaining cases cited, the acts considered were held not to be unconstitutional. Very instructive remarks are found in many of the opinions, but we fail to find among them a case similar to or decisive of the question before us ; and we do not know of any case which decides that, in a penal statute, there may not be special regulations for particular trades. Nor is it necessary, in our view of the case, that we should pass upon this point.

The defendant's contention rests solely upon the ground that the penalty upon pharmacists is distinct and exclusive, and that they are thereby exempted from the provisions of section 8. If they are not thus exempted, there is no discrimination against the defendant, and the question of the constitutionality of section 5 does not arise until a case is brought under it. The underlying and controlling question then is, whether the penalty in section 5 is distinct and exclusive or whether it is cumulative. If it is cumulative, it may be void as to those upon whom it bears unequally, without affecting section 8, which is general and equal. The two sections are not so interwoven that they cannot be separated. If section 5 be cumulative, we do not need to say what its effect upon the law would be if it were otherwise. It is an elementary proposition that courts only determine by construction the scope and intent of a law when the law itself is ambiguous or doubtful. If a law is plain, and within the legislative power, it declares itself and nothing is left for interpretation. It is as binding upon the court as upon every citizen. To allow a court, in such a case, to say that the law must mean something different from the common import of its language, because the court may think that its penalties are unwise or harsh, would make the judicial superior to the legislative branch of the government, and practically invest it with the law-making power. The remedy for a harsh law is not in interpretation, but in amendment or repeal. It is also an elementary rule that in the interpretation of statutes a court must look to the language of the law. If this be plain, it

must be followed, and in doing this the court does not assume that the legislature meant to enact incongruous and repugnant provisions.

The language of section 8 is so general and direct that we can neither disregard it nor say that it is so ambiguous as to need interpretation. It is : " If *any person* shall sell," etc., "in violation of *any of the provisions* of this act." This is broad enough to include, and by its terms does include, pharmacists and everybody else who shall violate the act in any way. It contains no exception. If we were to say that it does not include pharmacists we should import an exception into the section contrary to its terms. We should turn aside from its broad terms to follow a conjecture or assumption that the legislature must have intended an exception, from the fact that another punishment is provided for pharmacists who violate the act. The legislature expresses its meaning by the words of the law, and when it says, " If any person shall sell in violation of any of the provisions of this act," we cannot suppose it intended to exclude pharmacists. It is not claimed that this language, in itself, transcends any recognized limit of legislative power, so as to call for the interpolation of words which it must be presumed were meant to be included, but which were omitted. The defendant contends, however, that we must assume that pharmacists are excepted from the section because they are excepted from section 7, which provides a penalty for sales to minors. But this is not so. Section 7 does not except pharmacists, but only sales made " as provided in section 4." A pharmacist who should sell to a minor otherwise than " as provided in section 4," would be liable to the penalty of section 7. The exception applies to the manner of the sale, and not to the person who may make it. Under section 4 pharmacists may sell to minors, for medicinal purposes, upon a physician's prescription and a written request from a parent or guardian. Hence the section forbidding all sales to minors must necessarily except a sale in the manner permitted. There is no discrimination or class legislation in this, nor any exemption from the penalty to any person who violates the provisions. Considering section 8 as including every person who violates the law, it follows that an additional provision prescribing a special penalty for transgressing certain

limits of authority must be regarded as imposing a cumulative penalty. If it be urged that such a cumulative penalty is unreasonable and severe, we can only say that this is a matter which rests in the discretion of the legislature. It may have been thought that the authority given to pharmacists gave them also such peculiar opportunities to evade and violate the law as to require additional safeguards. Our conclusion is that section 8 is not in conflict with the Constitution of this State or with that of the United States. We may here remark that the Massachusetts statute of 1855, cap. 215, contained a special penalty for druggists, and the Maine statute, Rev. Stat. 1871, cap. 27, a special penalty for agents, violating the law, as well as a general section like our own. In the numerous cases in which the constitutionality of those acts was brought in question, and in which they were declared to be valid, we find no suggestion that the special provision invalidated the statute. The silence of the cases on this point is significant that neither bench nor bar considered the laws objectionable on that account. See *Commonwealth .v. Clapp,* 5 Gray, 97, 100; *Commonwealth* v. *Hitchings,* 5 Gray, 482, 486.

Section 15 prescribes forms of complaint which may be used in prosecutions under the act. The defendant claims that the forms as there given do not sufficiently declare " the nature and cause of the accusation." Whatever force there might be in the objection to complaints alleging only what is set forth in section 15, the objection has no application to these complaints. These do not simply follow the permitted form. The sales are here charged as sales of liquor " to be used as a beverage." This describes the one offence prohibited by the act in the first section. No authority is anywhere given in the act to sell liquors for such a purpose, and hence there is no exception to the prohibition. Nor could there be; for if the act contained any such exception, it would thereby be in conflict with the fifth amendment to the Constitution. The authority which is given to sell for other purposes, in section 3, gives no authority to sell for use as a beverage. Authority to sell for other purposes, therefore, need not be negatived in the complaints. Negative averments are not required unless an exception is made to the enacting clause. *State* v. *Rush,* 13 R. I. 197; *State* v. *O'Donnell,* 10 R. I. 472.

Inasmuch as the complaints specifically, accurately, and fully describe the offence prohibited by the enacting clause of the act, and are not in the form set forth in section 15, we are not called upon to decide and need not discuss the constitutionality of the section with reference to a complaint framed according to its terms. As to these cases, therefore, we decide that chapter 596 of the Public Laws is not in conflict with the Constitution of this State nor with that of the United States. The cases must be remanded to the District Court for sentence. *Order accordingly*.

*Edwin Metcalf*, Attorney General, for plaintiff.

*Charles Acton Ives*, for defendant.